# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JORDAN M. FOLCZYNSKI,** | ) CASE NO: 1:22cv799 |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) |
| **ALL PRO LOGISTICS, LLC et al.,** | ) **DEFENDANT ALL PRO LOGISTICS LLC'S** |
| | ) **NOTICE OF REMOVAL OF CIVIL ACTION** |
| Defendants. | ) **TO THE UNITED STATES DISTRICT** |
| | ) **COURT FOR THE NORTHERN DISTRICT** |
| | ) **OF OHIO** |

Defendant, All Pro Logistics LLC ("All Pro Logistics"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests that this Court remove this action from the Court of Common Pleas, Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio. In support of this request, Defendant states as follows:

1. All Pro Logistics is a defendant in a civil action pending in the Court of Common Pleas, Cuyahoga County, Ohio, styled *Jordan M. Folczynski v. All Pro Logistics, LLC, et al.*, Cuyahoga County Common Pleas Case No. CV 22-960656. Plaintiff filed this action on March 14, 2022[1]. The Clerk of Courts for the Court of Common Pleas, Cuyahoga County, Ohio, first issued a Summons upon All Pro Logistics on March 15, 2022, which came back unclaimed.[2] The Clerk of Courts reissued a Summons on April 14, 2022 and it was received on April 18, 2022.

---

[1] A true and accurate copy of the Summonses and Plaintiff's Complaint are attached hereto as Exhibit "A".
[2] See the docket print out attached as Exhibit "B".

2. All Pro Logistics received a copy of the Summons and Complaint on or about April 18, 2022. (See Ex. "B".) The Summons and Complaint constitute all process, pleadings, and orders served upon or received by All Pro Logistics in the state court action.

3. Plaintiff's state court action also names Mustafa N. Alhilo ("Alhilo") and Medical Mutual of Ohio ("Medical Mutual") as Defendants.

4. All Pro Logistics files this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

5. Plaintiff's action stems from a motor vehicle accident on September 30, 2021, in the Township of Northfield Center, County of Summit, Ohio. Plaintiff has asserted claims for personal injuries and damages, including allegations that he sustained:

  a. "Severe and permanent injuries, including, but allegedly not limited to: a torn labrum in his left shoulder and multiple herniated discs in lumbar spine, **requiring upcoming surgery**;"

  b. Further medical care and expenses;

  c. Permanent impairment;

  d. Lost wages and other economic harm;

  e. Out of pocket and other incidental damages; and

  f. Pain and suffering, past and future.

(See Ex. "A".)

6. Upon information and belief, Plaintiff is an individual of the United States who resides in Bedford, Ohio. As such, Plaintiff is an individual citizen of the State of Ohio. Upon information and belief, Plaintiff is not an individual citizen of any other state. (See Ex. "A".)

7. All Pro Logistics is a limited liability company organized under the laws of the State of Michigan.[3] All Pro Logistics maintains its principal place of business in Romulus, Michigan.

8. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its members. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

9. The sole member of All Pro Logistics is Bushra Albojawad who is an individual of the United States who resides in Romulus, Michigan. As such, Ms. Albojawad is an individual citizen of the State of Michigan. Upon information and belief, Ms. Albojawad is not an individual citizen of any other state. As such, All Pro Logistics is a citizen of the State of Michigan. All Pro Logistics is not a citizen of any other state.

10. Upon information and belief, Mr. Alhilo resides in Dearborn, Michigan and is an individual citizen of the State of Michigan. Mr. Alhilo is not an individual citizen of any other state. (See Ex. "A".)

11. Although Medical Mutual is named as a defendant in the caption of the Complaint, Plaintiff does not assert a claim or cause of action against Medical Mutual in the body of the Complaint, nor does he set forth any basis for naming Medical Mutual in the caption of the Complaint. Medical Mutual has been improperly joined as a defendant, and its presence, in this case, will not defeat removal.

12. Improper joinder of non-diverse defendants will not defeat removal on diversity grounds. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To prove improper joinder, the removing party must only present sufficient evidence that a plaintiff could not have

---

[3] See the Michigan Secretary of State printout attached as Exhibit "C".

established a cause of action against a non-diverse defendant under state law. *Id.* A case is properly removable when a complaint fails to state any cause of action against a defendant. *Id.*

13. Plaintiff's Complaint fails to state *any* cause of action against Medical Mutual. Instead, Plaintiff simply alleges the following: "Plaintiff was a named and covered insured under a health insurance policy issued by Defendant Medical Mutual …, [which] has paid substantial benefits, and has paid medical bills arising from the crash, and on that basis, asserts that it has a right of reimbursement and/or subrogation." (See ¶¶ 30-31 of Ex. "A").

14. While it is possible Medical Mutual may have a right of subrogation under Ohio law, it is undisputed that no cause of action exists for Plaintiff to assert against Medical Mutual. Therefore, Medical Mutual is not a proper defendant. If anything, Medical Mutual should be realigned as an intervening plaintiff pursuant to Fed.Civ.R. 24 if it intends on collecting the amount it is seeking in subrogation. As an intervening plaintiff, Medical Mutual would be able to protect its right of subrogation, if it has one, for any medical payments it may have made on Plaintiff's behalf.

15. Plaintiff's Complaint seeks an amount above $25,000.00, and he is claiming "severe and permanent injuries," "a torn labrum," "multiple herniated discs requiring upcoming surgery," and "pain and suffering" "[that] is expected to continue into the indefinite future and may be permanent in nature" as a result of this accident. Therefore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (See Ex. "A".)

16. Given the complete diversity of the parties' citizenship and the amount in controversy, this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As such, this action is subject to removal pursuant to 28 U.S.C. § 1441.

17. All Pro Logistics has filed this Notice of Removal within thirty (30) days from the date on which it received the Plaintiff's Complaint. Therefore, it is timely pursuant to 28 U.S.C. §1446.

18. Plaintiff has allegedly perfected service on codefendants Medical Mutual and Mr. Alhilo. Mr. Alhilo consents to removal, and while All Pro Logistics believes that consent by Medical Mutual is not required due to it being improperly joined as a defendant, upon information and belief, Medical Mutual consents to removal.

19. All Pro Logistics has served a copy of this Notice of Removal upon all parties, as well as filed it with the appropriate state court, both pursuant to 28 U.S.C. §1446.

20. Defendant asserts its right to a trial by jury.

21. Defendant does not waive any jurisdictional or other defenses available to it.

22. Defendant reserves the right to supplement this Notice of Removal and/or to present additional arguments in support of its entitlement to removal.

**WHEREFORE**, All Pro Logistics LLC, prays for the removal of the above-referenced civil action from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

/s/Robert D. Boroff
**ROBERT D. BOROFF (0091866)**
**ANTHONY R. SANTIAGO (0096221)**
**Gallagher Sharp. LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH 44114
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
E-Mail: rboroff@gallaghersharp.com
asantiago@gallaghersharp.com

*Attorney for Defendant All Pro Logistics LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2022, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic and/or regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Robert D. Boroff*
**ROBERT D. BOROFF (0091866)**
**ANTHONY R. SANTIAGO (0096221)**
GALLAGHER SHARP, LLP
*Attorney for Defendant All Pro Logistics LLC*