## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| JORDAN M. FOLCZYNSKI<br>7441 Macedonia Road<br>Bedford, Ohio 44146<br><br>          Plaintiff,<br><br>vs.<br><br>ALL PRO LOGISTICS, LLC<br>c/o its Statutory Agent<br>Angelo Harper<br>2010 W. Market Street<br>Akron, Ohio 44313<br><br>and<br><br>MUSTAFA N. ALHILO<br>2224 Kingsbury Avenue<br>Dearborn, Michigan 48128<br><br>and<br><br>MEDICAL MUTUAL OF OHIO<br>c/o its Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>          Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><u>COMPLAINT</u><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff Jordan M. Folczynski, by and through his attorneys, and for his Complaint states as follows:

**EXHIBIT A**

## PARTIES

1. Plaintiff Jordan M. Folczynski is an Ohio resident who resides at 7441 Macedonia Road, Bedford, Ohio 44146.

2. Defendant All Pro Logistics, LLC (hereinafter "All Pro"), is a domestic limited liability company organized and existing under the laws of the State of Ohio, with a principal place of business at 27734 Ecorse Road, Romulus, Michigan 48714. Defendant All Pro's registered agent for service of process in the State of Ohio is Angelo Harper, 2010 W. Market Street, Akron, Ohio 44313.

3. Defendant Mustafa N. Alhilo is an adult individual with a last known address of 2224 Kingsbury Avenue, Dearborn, Michigan 48128. Upon information and belief, at all times relevant hereto, Defendant Alhilo was an employee, agent, and/or servant of Defendant All Pro and was operating the subject commercial motor vehicle on behalf of Defendant All Pro.

4. Defendant Medical Mutual of Ohio is a corporation incorporated under the laws of the State of Ohio with its principal place of business located at 2060 E. 9th Street, Cleveland, Ohio 44115. Defendant Medical Mutual of Ohio's registered agent for service of process in the State of Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## JURISDICTION

5. This Court has personal jurisdiction over Defendant Mustafa N. Alhilo under R.C. § 2307.382 in that the claims against him arise from tortious injury caused by an act or omission in this state.

## VENUE

6. Defendant Medical Mutual of Ohio has its principal place of business in Cuyahoga County, Ohio. Thus, venue is proper in Cuyahoga County, Ohio, pursuant to Ohio Civ. R. 3.

## GENERAL ALLEGATIONS

7. On or about September 30, 2021, at approximately 3:58 p.m., Plaintiff Jordan M. Folczynski was lawfully operating a 2017 Toyota Corolla in the westbound lane of East Aurora Road attempting to turn into the parking lot of 148 East Aurora Road in the Township of Northfield Center, County of Summit, and State of Ohio.

8. At the aforementioned time and place, Defendant Alhilo was operating a 2012 Volvo commercial motor vehicle that was owned, leased, maintained and/or under the control of Defendant All Pro, in a westbound direction behind the aforementioned 2017 Toyota Corolla driven by Plaintiff.

9. At the aforementioned time and place, Defendant Alhilo violently collided with the rear of the aforementioned 2017 Toyota Corolla driven by Plaintiff, forcing it into the opposing lane of traffic where it was then struck by an oncoming vehicle operated by a non-party.

10. Due to the aforementioned collision, as well as the negligence, carelessness and recklessness of Defendants, as set forth more fully below, Plaintiff Jordan M. Folczynski sustained serious injuries as set forth more fully below.

## COUNT I
## NEGLIGENCE, VICARIOUS LIABILITY – DEFENDANTS ALL PRO LOGISTICS, LLC, AND MUSTAFA N. ALHILO

11. The preceding paragraphs are hereby realleged as if fully restated herein.

12. The severe injuries sustained by Plaintiff Jordan M. Folczynski were a direct and proximate result of the negligence, carelessness, and recklessness of Defendant Alhilo who was acting within the course and scope of his agency and/or employment with Defendant All Pro, generally, and in the following particulars:

   a. Causing, allowing, and/or permitting the aforementioned commercial motor vehicle to violently collide with the rear of the Plaintiff's 2017 Toyota Corolla, at a high rate of speed;

b. Failing to control the aforementioned commercial motor vehicle in such a way that would have allowed and/or permitted him to be able to stop, slow, and/or turn aside prior to colliding with the rear of the Plaintiff's vehicle;

c. Failing to manage the space around his vehicle;

d. Failing to keep a proper lookout;

e. Failing to exercise due care;

f. Failing to judge the closeness of Plaintiff's vehicle;

g. Failing to maintain an assured clear distance ahead of his commercial motor vehicle;

h. Failing to take due and proper cognizance of the existing traffic conditions, including but not limited Plaintiff's slowed and/or stopped vehicle ahead;

i. Operating the aforementioned commercial motor vehicle at an excessive rate of speed given the circumstances;

j. Failing to promptly and properly apply the brakes and/or other stopping mechanisms of the aforementioned commercial motor vehicle;

k. Failing to operate the aforementioned commercial motor vehicle free from distractions;

l. Operating the aforementioned commercial motor vehicle while fatigued and/or otherwise impaired and/or affected by his physical condition;

m. Violating the laws and statutes of the State of Ohio regarding the safe operation of vehicles;

n. Failing to comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations; and

o. In such other and further wrongful ways as will be proven at trial.

13. Defendant Alhilo's negligent, careless and reckless conduct in the care, management and/or operation of his commercial motor vehicle, created a hazard for the motoring public, including Plaintiff Jordan M. Folczynski, and was a direct and proximate cause of the collision in which Mr. Folczynski was injured.

14. Defendant Alhilo's wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the collision with Plaintiff's

vehicle and the resulting harm and damages to Mr. Folczysnki's property and person, for which he is entitled to damages.

15. At all times relevant hereto, Defendant Alhilo was an employee, agent, leased driver and/or servant of Defendant All Pro and was acting within the course and scope of his agency and/or employment for Defendant All Pro which is responsible for Defendant Alhilo's conduct under the principles of *respondeat superior*.

16. At all times relevant hereto, the commercial motor vehicle described herein was operating under U.S. DOT# 2438425 registered to Defendant All Pro, which is therefore responsible for Defendant Alhilo's conduct as a matter of law.

17. Irrespective of the employment/contractual relationship, Defendant All Pro is a Motor Carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for Defendant Alhilo's acts as a matter of law.

18. As a direct and proximate result of the above-mentioned negligence by Defendant Alhilo, Plaintiff was caused to suffer severe and permanent injuries, including, but not limited to, a torn labrum in his left shoulder and multiple herniated discs in his lumbar spine, requiring upcoming surgery, and causing pain, suffering and an inability to engage in his usual activities.

19. As a further direct and proximate result of the above-mentioned negligence of Defendant, Plaintiff was caused to seek necessary medical care and treatment and, in all likelihood, will be forced to incur further medical care and expenses into the indefinite future, all to his financial expense.

20. As a further direct and proximate result of the above-mentioned negligence of Defendant, Plaintiff's ability to live free from pain, discomfort and disability has been permanently impaired.

21. As a further direct and proximate result of the above-mentioned negligence of Defendant, Plaintiff has suffered a loss in wages.

22. As a further direct and proximate result of the above-mentioned negligence of Defendant, Plaintiff has suffered out-of-pocket expenses and other incidental damages.

WHEREFORE, Plaintiff Jordan M. Folczynski, prays for judgment against Defendants All Pro Logistics, LLC, and Mustafa N. Alhilo, jointly and/or severally, individually and/or collectively, for an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest, costs, attorney's fees, and other such and further relief as this Court deems just and equitable.

## COUNT II
## DIRECT LIABILITY CLAIM – DEFENDANT ALL PRO LOGISTICS, LLC

23. The preceding paragraphs are hereby realleged as if fully restated herein.

24. The tractor and trailer involved in the subject collision (Colorado License Plate No. OMX527, VIN: 4V4NC9TH2CN538018) constituted a commercial motor vehicle operated by and under the direct control of Defendant Alhilo but were respectively owned and/or leased by Defendant All Pro and were being used on behalf of and for the benefit of Defendant All Pro at all times relevant hereto.

25. The operation, maintenance and control of the above-mentioned tractor and trailer was governed, licensed, supervised and regulated by State and Federal regulations, and as such was pursuant to a certificate of authority given to the Defendant All Pro to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory bodies.

26. Plaintiff further states that Defendant All Pro was negligent in hiring, training, supervising, dispatching and/or retaining Defendant Alhilo as a commercial motor vehicle driver,

which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries and other losses for which Mr. Folczynski is entitled to recover damages in an amount to be proven at trial.

WHEREFORE, Plaintiff Jordan M. Folczynski, prays for judgment against Defendant All Pro Logistics, LLC for an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest, costs, attorney's fees, and other such and further relief as this Court deems just and equitable.

## COUNT III
## DECLARATORY JUDGEMENT

27. The preceding paragraphs are hereby realleged as if fully restated herein.

28. As set forth above, and as fully incorporated herein, on September 30, 2021, Plaintiff Jordan M. Folczynski sustained serious and permanent injuries in a motor vehicle collision, for which he is entitled to recover damages as alleged above.

29. At all times relevant hereto, Defendant Medical Mutual of Ohio is and has been a health care insurer with its principal place of business in Cuyahoga County, Ohio.

30. At the time of the events at issue in this action, Plaintiff was a named and covered insured under a health insurance policy issued by Defendant Medical Mutual of Ohio.

31. As a result, the injuries sustained by Plaintiff Jordan M. Folczynski in the collision described above, Defendant Medical Mutual of Ohio has paid substantial benefits, and has paid medical bills arising from the crash, and on that basis, asserts that it has a right of reimbursement and/or subrogation with respect to Plaintiff's right to recover damages against third parties.

32. As a party claiming a right of subrogation and/or reimbursement with respect to the tort claims alleged in this action, Defendant Medical Mutual of Ohio is a necessary party pursuant to Civil Rule 19(A).

33. A justiciable dispute exists between Plaintiff Jordan M. Folczynski and Medical Mutual of Ohio regarding the existence and scope of Medical Mutual of Ohio's alleged right of reimbursement and/or subrogation.

WHEREFORE, pursuant to Chapter 2721 of the Ohio Revised Code, Plaintiff Jordan M. Folczynski respectfully prays that this Court enter judgment:

(a) Declaring that Defendant Medical Mutual of Ohio is not entitled, in law or in equity, to reimbursement or subrogation with respect to any benefits it has pain to Plaintiff Jordan M. Folczynski, or, in the alternative,

(b) Ordering Medical Mutual of Ohio to plead and prove any right of reimbursement or subrogation it may claim as an affirmative claim in this forum or be forever estopped and foreclosed from so doing.

Respectfully submitted,

*/s/ Jordan D. Lebovitz*
Jordan D. Lebovitz, Esq. (0091247)
Joshua D. Payne, Esq. (0101244)
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
600 Superior Avenue East Suite 1200
Cleveland, Ohio 44114
Office: (216) 621-2300
Fax: (216) 771-2242
Email: jordanlebovitz@nphm.com
  jpayne@nphm.com

*Counsel for Plaintiff*

## JURY DEMAND

The Plaintiff hereby demands a trial by jury with the maximum number of jurors permitted under the laws of the State of Ohio.

/s/ *Jordan D. Lebovitz*
Jordan D. Lebovitz, Esq.

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV22960656 | D1 CM | 47264872 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

JORDAN M. FOLCZYNSKI **PLAINTIFF**
VS
ALL PRO LOGISTICS, LLC, ET AL. **DEFENDANT**

ALL PRO LOGISTICS, LLC
27734 ECORSE RD
ROMULUS MI 48174-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

JORDAN D. LEBOVITZ
600 SUPERIOR AVENUE EAST
SUITE 1200
CLEVELAND, OH 44114-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

KENNETH R CALLAHAN
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By_____ Deputy

| DATE SENT |
|---|
| Apr 13, 2022 |

COMPLAINT FILED  03/14/2022



MSN130

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV22960656

RETURN RECEIPT REQUESTED ELECTRONICALLY



9314 8001 1300 3546 5568 04

ALL PRO LOGISTICS, LLC
27734 ECORSE RD
ROMULUS MI 48174-2429